1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Michael Grady; Jennifer Grady,        )   No. CV 11-2060-PHX-JAT
                                           )
10                Plaintiffs,              )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Bank of Elmwood; Elmwood Financial)
13  Corporation; Jonathan Levin; Sarah Levin,)
                                           )
14                Defendants.              )
    _____)
15  Tri City National Bank,               )
                                           )
16                Counterclaimant,         )
                                           )
17  vs.                                    )
                                           )
18  Michael Grady and Jennifer Grady,     )
                                           )
19                Counterdefendant.        )
    _____)
20  The   Federal   Deposit   Insurance)
    Corporation as Receiver for Bank of)
21  Elmwood,                              )
                                           )
22                Intervenor.              )
    _____)

23

24          Pending before the Court is Counterclaimant Tri City National Bank's ("TCNB")

25  Motion to Dissolve Preliminary Injunction Due to Plaintiffs' Failure to Post Bond ("Motion

26  to Dissolve") and Motion for Release of Bond Posted by Plaintiffs and Distribution of Bond

27  to Tri City National Bank ("Motion to Release"). (Doc. 9-1, 9-2.) Plaintiffs filed a response

28  to the Motion to Dissolve and a Cross-Motion for Release of Security Interest and

1  Distribution of Bond Proceeds to Plaintiffs ("Cross-Motion"). (Doc. 10-2.) The Court now

2  rules on the motions.

3  **I.    FACTS**

4  In mid-2008, Plaintiffs engaged in discussions with the Bank of Elmwood ("BOE")

5  to obtain financing that would be secured by their residence. (Doc. 10-1 at 4.) The alleged

6  proposal from BOE included a first loan ("First Loan") for $1,827,717 and a second loan,

7  which would be a home equity line of credit ("Second Loan") for $400,000. (*Id.* at 12.)

8  BOE closed on the First Loan on approximately September 5, 2008. (*Id.*) BOE allegedly

9  conditioned proceeding with the Second Loan, on receipt of the Plaintiffs' 2007 tax returns.

10  (*Id.*) In November 2008, BOE advised the Plaintiffs that they would not close on the Second

11  Loan. (*Id.* at 13.)

12  After learning that they would not receive the Second Loan, Plaintiffs unsuccessfully

13  attempted to secure a second loan from other lenders. (*Id.* at 15.) Plaintiffs had sought

14  additional financing to fund various costs as well as make payments on the First Loan. (*Id.*

15  at 14.) Plaintiffs quit making payments after the November 2008 payment. (*Id.*; Doc. 10-2

16  at 5.) On May 11, 2009, BOE noticed a trustee's sale for Plaintiffs' residence, scheduled for

17  August 11, 2009. (*Id.* at 38.)

18  Plaintiffs filed their initial Complaint on July 10, 2009. (*See* Doc. 22 at 3.) Four days

19  later, prior to any action by Defendants, Plaintiffs filed their First Amended Complaint. (*Id.*)

20  Plaintiffs' First Amended Complaint is the operative complaint and contains twelve counts

21  including a request for a preliminary injunction stopping the trustee's sale. (Doc. 10-1 at 38.)

22  In October 2009, the Maricopa County Superior Court issued an injunction barring BOE

23  from proceeding with the trustee sale of the Plaintiffs' home. (Doc. 22 at 4.) The state court

24  based this decision partially on Plaintiffs' likelihood of demonstrating violations of the

25  Arizona Consumer Fraud Act. (*Id.*)

26  On October 23, 2009, the State of Wisconsin Division of Banking, Department of

27  Financial Institutions closed BOE and caused the FDIC to be appointed as the receiver.

28  (Doc. 12 at 2.) On the same day, the FDIC sold all of BOE's assets to TCNB, including the

1   Plaintiffs' First Loan. (*Id.*)  In May 2010, TCNB intervened in this matter as to one claim

2   in part, and one claim in full.[1] (*Id.*; Doc. 10-3 at 4.)

3         Later, the state court granted the FDIC's motion to be substituted in place of BOE for

4   counts one through ten and count twelve of Plaintiffs' First Amended Complaint on July 7,

5   2010. (Doc. 12 at 3.)  The FDIC removed the suit to this Court on August 5, 2010. (*Id.*)

6   Because all claims against the FDIC must be addressed in an administrative proceeding, the

7   Plaintiffs agreed to dismiss the FDIC on October 13, 2010. (Doc. 12-1 at 10.)  On December

8   7, 2010, this Court remanded the case back to the state court. (Doc. 12 at 4.)

9         In state court, on June 22, 2011, Plaintiffs filed a motion to amend the complaint

10  seeking, among other things, to add TCNB as a defendant to claims previously dismissed

11  against the FDIC. (*See* doc. 10-3.)  On July 22, 2011, the FDIC filed a motion to intervene

12  arguing that the Plaintiffs could only assert those claims against the FDIC. (*Id.*)  On October

13  5, 2011, the state court granted FDIC's motion to intervene and on October 20, 2011, the

14  FDIC removed the case to this Court for the second time, asserting original federal

15  jurisdiction under 12 United States Code section 1819(b)(2)(A). (*See id.*)  TCNB filed a

16  Notice of Filing Pending Motions with this Court on November 3, 2011 including their

17  Motion to Dissolve and Motion to Release, as well as the Plaintiffs' Cross-Motion. (Doc.

18  9 at 1–2.)

19      **II.**    **ANALYSIS**

20        Plaintiffs argue in their Cross-Motion that TCNB no longer has a security interest in

21  the Plaintiffs' residence because the Plaintiffs rescinded the loan transactions as a result of

22  TILA disclosure violations. (Doc. 10-2 at 3.)  Plaintiffs allege that as a result of the

23  rescission, the bond proceeds should be returned to them. (Doc. 10-2 at 3.)  Plaintiffs do not

24

25      [1] TCNB intervened as to Plaintiffs' cause of action number ten for violations of the

26  Truth-in-Lending Act ("TILA") and violations of the Real Estate Settlement Procedures Act, to the extent that those claims pertain to the loan TCNB purchased. (Doc 12 at 2.)  TCNB

27  also intervened as to Plaintiff's cause of action number eleven for a preliminary injunction to prevent foreclosure of the residence due to Plaintiffs' default on the note now owned by

28  TCNB. (*Id.* at 3.)

1  dispute that they did not post additional bond proceeds, a condition the state court required

2  for the injunction to be continued. (*Id.*)  The Court will first address the Plaintiffs' Cross-

3  Motion.

4                       A.       Cross-Motion

5          Plaintiffs argue that the First Loan they entered into with BOE contained "over 20

6  TILA violations" constituting material disclosure violations that statutorily extended the

7  Plaintiffs' right to rescind the transaction from three days to three years. (*Id.* at 9); *see*

8  Regulations Z, 12 C.F.R. § 226.23(a)(3).  Plaintiffs claim that TCNB's security interest in

9  the First Loan is void because TCNB did not take steps within twenty days of receiving the

10  Plaintiffs' notice of rescission. (*Id.* at 8.)  Plaintiffs' mailed their notice of rescission on

11  March 8, 2011. (*Id.*)  TCNB responded in a letter dated March 28, 2011, arguing that the

12  Plaintiffs's request for rescission was both untimely and procedurally improper, making the

13  request for rescission void. (Doc. 9-2 at 93.)

14          Even if solely for the purposes of the Motion the Court assumes that TCNB is liable

15  for TILA violations committed by BOE,[2] TCNB's security interest in Plaintiffs' residence

16  is not automatically void. "Rescission is not automatic upon a borrower's mere notice of

17  rescission." *McOmie-Gray v. Bank of America*, 667 F.3d 1325, 1327 (9th Cir. 2012). Under

18  TILA, a borrower who sends notice of rescission, needs to seek a determination from the

19  Court that rescission is proper. *Id.*

20          The Ninth Circuit Court of Appeals has stated that "a court may impose conditions

21  on rescission that assures that the borrower meets her obligations once the creditor has

22  performed its obligations." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir.

23  2003).  Also, the Court can use its discretion to modify the rescission procedures either

24

25

26        [2]  The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") may create a jurisdictional bar against TCNB being liable for violations based

27  on the acts of BOE. *See Benson v. JPMorgan Chase Bank, N.A.*, __ F.3d __, 2012 WL 917579, at *7 (9th Cir. Mar. 20, 2012).  This jurisdictional bar requires Plaintiffs to exhaust

28  their administrative remedies against the FDIC. *Id.*

1  before or after deciding that rescission is warranted. *Id.* Therefore, TCNB's security interest

2  in the Plaintiffs' residence is not void until the Court determines that rescission is warranted,

3  and whether conditions should be imposed to ensure Plaintiffs tender the proceeds.

4      TCNB argues that the issue of whether or not rescission is proper has not been

5  properly presented to the Court at this point in time. (Doc. 9-2 at 92.) The Court agrees, and

6  decides only that rescission has not already occurred, and TCNB's security interest is not

7  void. For the foregoing reasons, the Court denies Plaintiffs' Cross-Motion.[3]

8                 B.     Motion to Dissolve

9      TCNB argues that the injunction, preventing them from conducting a trustees sale,

10  should be dissolved because the Plaintiffs failed to post the additional bond required by the

11  state court. (Doc. 9-1 at 4.) Both the Federal Rules of Civil Procedure and the Arizona

12  Rules of Civil Procedure require the movant to give security for the issuance of an injunction

13  in the amount "proper to pay the costs and damages sustained by any party found to have

14  been wrongfully enjoined." Fed. R. Civ. P. 65(c); *see* Ariz. R. Civ. P. 65(e). The state court

15  originally issued the injunction and stated that it "is not effective unless the bond is posted."

16  (*Id.* at 8.) The state court further explained that the amount of the bond is based upon the

17  mortgage payments due by the Plaintiffs. (*Id.*)

18      In January 2011, TCNB sought to dissolve or modify the injunction because the bond

19  amount posted by Plaintiffs did not adequately protect TCNB's interest. (*Id.* at 4.) On

20  March 4, 2011, the state court granted TCNB's motion to modify the preliminary injunction,

21  increasing the bond amount from $268,330 to $350,000, and required the additional bond to

22  be posted by March 31, 2011. (*Id.* at 16.)

23      Plaintiffs do not dispute that they failed to post the additional bond. (Doc. 10-2 at 3.)

24  Accordingly, the Court grants TCNB's Motion to Dissolve because of the Plaintiffs' failure

25  to post the required bond.

26

27      [3] The Plaintiffs request the bond proceeds as a result of the TILA violations and their
claim for rescission. (Doc. 10-2 at 15.) Because the Court has decided that rescission has

28  not occurred, Plaintiffs have failed to argue why the bonds should be distributed to them.

1

C.      Motion to Release

2      TCNB claims to be entitled to distribution of the bond because the bond represented

3 the outstanding mortgage payments due from the Plaintiffs.  (Doc. 9-2 at 89.)  When a court

4 issues a preliminary injunction, the court must also require that the movant post a bond that

5 can be used "to pay the costs and damages sustained by any party found to have been

6 wrongfully enjoined."  Fed. R. Civ. P. 65(c).  A party wrongfully enjoined is presumptively

7 entitled to recovery on the injunction bond.  *Nintendo of America, Inc. v. Lewis Galoob Toys,*

8 *Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994).  "A party is wrongfully enjoined when it had the

9 right all along to do what it was enjoined from doing."  *Sionix Corp. v. Moorehead*, 299 F.

10 Supp. 2d 1082, 1086 (S.D. Cal. 2003) (citing *Nintendo*, 16 F.3d at 1036).

11      Initially, the Court notes that the merits of this case have not been reached, and that

12 the Court is dissolving the injunction because the required security has not been posted.  In

13 addition, the state court issued the injunction against BOE fifteen days before TCNB

14 purchased the loan from the FDIC.  (Doc. 9-1 at 7; Doc. 12 at 2.)  The injunction prevented

15 BOE from foreclosing on the Plaintiffs' residence, which was scheduled to occur on October

16 13, 2009.  (*Id.*)  At the time, the state court stated that they believed Plaintiffs were likely to

17 prevail on their claims.  (*Id.*)

18      TCNB purchased the loan in question with the injunction already in place.  Moreover,

19 no decision has been reached on the merits of the claim as to whether or not BOE or TCNB

20 had the right all along to conduct the trustees sale.  As such, the Court cannot conclude that

21 TCNB was wrongfully enjoined.  The Court therefore will not release the bond fund to

22 TCNB at this time.

23      Accordingly,

24      **IT IS ORDERED** that TCNB's Motion to Dissolve (Doc. 9-1) is **GRANTED.**

25      **IT IS FURTHER ORDERED** that TCNB's Motion to Release (Doc. 9-2) is

26 **DENIED** without prejudice to re-filing at a later date.  The bond will not be exonerated and

27 will remain with the Clerk of the Court.

28 ///

1

**IT IS FURTHER ORDERED** that Plaintiffs' Cross-Motion (Doc. 10-2) is DENIED.

2

DATED this 4th day of April, 2012.

3

4

5

James A. Teilborg
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28