**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady and Jennifer Grady, husband and wife,, <br><br> Plaintiffs, <br><br> v. <br><br> Bank of Elmwood; et al., <br><br> Defendants. | No. CV11-2060-PHX-JAT <br><br> **ORDER** |

    Plaintiffs filed a Motion for Partial Reconsideration (Doc. 50) on May 1, 2012. Plaintiffs seek reconsideration of portions of the Court's Order (Doc. 47) disposing of their Motion to Amend (Doc. 10). Specifically, Plaintiffs argue that the Court erred: 1) in finding Plaintiffs cannot state claims against TCNB, the purchasing bank, for TILA violations committed by the failed bank and 2) in denying Plaintiffs leave to amend to state direct TILA claims against TCNB.

    Generally, motions for reconsideration are appropriate only if: 1) the movant presents newly discovered evidence; 2) the Court committed clear error or the initial decision was manifestly unjust; or 3) an intervening change in controlling law has occurred. *School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party should not file a motion to reconsider to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola, Inc. v. J.B. Rodgers Mech.*

*Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); L.R.Civ.P. 7.2(g)(1). The Court ordinarily will deny a "motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ.P. 7.2(g)(1).

In their Motion for Reconsideration, Plaintiffs do not cite any intervening, controlling authority. They direct the Court's attention to a District of Hawaii case from January of 2012. But the Court is not bound by decisions from the District of Hawaii. Plaintiffs cite no new authority from the Ninth Circuit Court of Appeals.

Basically, Plaintiffs disagree with the Court's earlier ruling and re-argue points they previously made in their Motion to Amend. Parties should not use motions for reconsideration to re-argue or to more strongly argue points previously made in the original motion.

Because Plaintiffs have not cited any intervening, controlling authority and because the Court finds it did not clearly err in its April 4, 2012 Order,

**IT IS HEREBY ORDERED** Denying Plaintiffs' Motion for Reconsideration (Doc. 50).

**IT IS FURTHER ORDERED** Granting Plaintiffs' Motion for Extension of Time (Doc. 51) to the limited extent that Plaintiffs shall have five (5) days from the date of this Order to file a Second Amended Complaint that complies with the Court's April 4, 2012 Order (Doc. 47). If Plaintiffs do not file a Second Amended Complaint within that time, the Clerk will dismiss this case without further notice for failure to obey a court order.

Dated this 21st day of May, 2012.

James A. Teilborg
United States District Judge