**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady; Jennifer Grady, | No. CV 11-2060-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bank of Elmwood; Elmwood Financial Corporation; Jonathan Levin; Sarah Levin, | |
| Defendants. | |
| Tri City National Bank, | |
| Counterclaimant, | |
| vs. | |
| Michael Grady and Jennifer Grady, | |
| Counterdefendant. | |
| The Federal Deposit Insurance Corporation as Receiver for Bank of Elmwood, | |
| Intervenor. | |

On August 18, 2012, Plaintiffs filed a notice of filing bankruptcy. (Doc. 83). Generally, the automatic stay provisions of the bankruptcy code do not apply to proceedings initiated by the debtor, as is the case here. *See Martin-Trigona v. Champion Federal Savings & Loan*, 1988 WL 46596, *2 (N.D. Ill. 1988); *In re Hill*, 39 B.R. 894, 897 (Bkrtcy. Or.,

1984).[1]  Thus, the Court confirms all outstanding deadlines in this case.  However, the pending motion to exonerate bond and to distribute proceeds may involve property of the bankruptcy estate; accordingly, the Court will treat that motion as subject to the stay and deny it, without prejudice.

Based on the foregoing,

**IT IS ORDERED** denying the motion to exonerate bond (Doc. 82), without prejudice.

**IT IS FURTHER ORDERED** that the parties shall file a status report by November 1, 2012, advising whether the Trustee will be substituting in as the Plaintiff and whether the parties anticipate the claims in this case ultimately being resolved within the bankruptcy proceeding.

DATED this 24th day of August, 2012.

_____
James A. Teilborg
United States District Judge

---

[1] But the cause of action is the property of the estate.  *Turner v. Cooke*, 362 F.3d 1219, 1225-26 (9th Cir. 2004); *Cusano v. Klien*, 264 F.3d 936, 945 (9th Cir. 2001).

- 2 -