**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady; Jennifer Grady, | No. CV 11-2060-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bank of Elmwood; Elmwood Financial Corporation; Jonathan Levin; Sarah Levin, | |
| Defendants. | |
| Tri City National Bank, | |
| Counterclaimant, | |
| vs. | |
| Michael Grady and Jennifer Grady, | |
| Counterdefendant. | |
| The Federal Deposit Insurance Corporation as Receiver for Bank of Elmwood, | |
| Intervenor. | |

Pending before the Court is what Plaintiffs have entitled, "Motion to Alter or Amend Orders Pursuant to FRCP 54(b) and Motion for Leave to File Third Amended Complaint pursuant to FRCP 15(a)(2)." In reality, Plaintiffs seek reconsideration of this Court's orders denying leave to amend. More specifically, Plaintiffs seek reconsideration of Doc. 47 which denied Plaintiffs leave to amend to add claims for TILA violations against TCNB.

The Court denied leave to amend on futility grounds (Doc. 47). Plaintiffs moved to reconsider (Doc. 50). The Court denied reconsideration (Doc. 54). Plaintiffs again moved to reconsider (Doc. 70). The Court denied reconsideration (Doc. 80). Plaintiffs again seek reconsideration (Doc. 98).

**Procedural Bar**

A motion for reconsideration of an interlocutory order must be filed within 14 days. LR Civ. 7.2(g)(2). Doc. 47 was filed April 4, 2012. Plaintiffs' May 1, 2012 motion for reconsideration (Doc. 50) was untimely. Nonetheless, the Court considered the merits of the motion and denied relief. Doc. 54. Doc. 54 was filed May 21, 2012. Plaintiff's July 20, 2012 motion for reconsideration was untimely. Nonetheless, the Court considered the merits of the motion and denied relief. Doc. 80. Doc. 80 was filed August 6, 2012. Thus, Plaintiffs' October 8, 2012 motion for reconsideration (Doc. 98) was also untimely. Plaintiffs fail to acknowledge nor give any justification for this untimely motion.

Thus, Plaintiffs motion for reconsideration is denied because it is untimely.

**Merits**

In addition to being untimely, Plaintiffs motion fails on the merits. Plaintiffs have failed to show they are entitled to reconsideration. In both the Order at Doc. 54 and the Order at Doc. 80, the Court recounted the legal standard governing motions for reconsideration. Specifically, reconsideration is appropriate when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.
> No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

*Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Doc. 80 at 3; Doc. 54 at 1-2. In this third motion for reconsideration, Plaintiffs fail to cite or apply any standard for reconsideration.

- 2 -

Nonetheless, turning to the substance of the third motion for reconsideration, sections B(i) and B(ii) seek reconsideration of this Court's decision that FIRREA exhaustion applies to this case. The Court held exhaustion was required and reconsidered that decision at length and again found that exhaustion was required. Doc. 80 at 2. Plaintiffs have provided no new evidence or law meriting reconsideration and the motion is denied on Plaintiffs' theory that FIRREA did not bar their claims.

Sections c(i), c(ii), c(iii) and c(iv) of Plaintiffs' latest motion seek reconsideration of this Court alternative holding on the sequencing of a rescission claim. The Court has, again, reconsidered this decision at length. Doc. 80 at 8-12. Plaintiffs have provided no new evidence or law meriting reconsideration and the motion is denied on this theory.

Section E of Plaintiffs' latest motion seeks reconsideration of whether TILA claims are an affirmative defense or claims that may be alleged in a complaint. Because the Court has found the TILA claims futile on their merits, this argument provides no basis for reconsideration.

Section B(iii) and Section D purport to argue new "facts" that would justify reconsideration. Specifically, Plaintiffs filed for bankruptcy on August 12, 2012. Plaintiffs argue that their status in bankruptcy changes both the FIRREA exhaustion requirement and the availability of the TILA rescission claim. Thus, Plaintiffs seek to have this Court reconsider partly, "to allow the bankruptcy court[] to hear matters in which [it has] expertise to determine preference actions." Doc. 98 at 6. Plaintiffs further seek reconsideration to "prevent any prejudicial res judicata effects in the Plaintiffs bankruptcy proceeding." *Id*. at 12.

To the extent the bankruptcy code's priorities impact FIRREA exhaustion or TILA claims, this Court's prior orders clearly did not attempt to adjudicate these issues. Thus, the Bankruptcy Court would be free to decide any issues in that regard. However, to the extent the Bankruptcy Court has adhered to this Court's Orders where the same legal issue was presented, that is indeed the point of res judicata. Accordingly, the Court finds no basis for reconsideration based on Plaintiffs' argument that this Court must revise its prior orders to

1  "prevent any prejudicial res judicata effects." *See* Doc. 98 at 12.  Particularly, the Court
2  finds that a party not being able to re-litigate the same issue in a second forum is not a basis
3  for reconsideration.

4  For all of these reasons, Plaintiffs' motion to alter or amend orders is denied.
5  Additionally, because the Court still finds that any amendment to add the TILA claims would
6  be futile, Plaintiffs' motion for leave to file a third amended complaint is also denied.

7  **Request for Expedited Hearing**

8  Plaintiffs seek oral argument on their third motion for reconsideration.  And, in
9  addition to filing a third motion for reconsideration, Plaintiffs seek expedited ruling on their
10 motion for reconsideration (Doc. 100). Specifically, Plaintiffs request that the Court rule on
11 their motion filed on October 8, 2012 no later than October 18, 2012.  Doc. 100 at 1.

12 Thus, while Plaintiffs waited six months from when the Court first denied leave to
13 amend, and two months from when the Court ruled on second motion for reconsideration to
14 file this third motion, Plaintiffs seek a ruling within 10 days.  Further, Plaintiffs seem to seek
15 this ruling without allowing for a response from Defendants (any response would be due
16 October 26, 2012).[1]  Finally, Plaintiffs seek to have oral argument within this 10 days
17 window.

18 The Court has expedited consideration of Plaintiffs' motion, but cannot meet all of
19 Plaintiffs' requests.  Thus, the request for oral argument is denied.

20 **Request for Rule 54(b) certification**

21 Plaintiffs end their motion as follows: "If the Court denies all or part of Plaintiffs'
22 requests for any reason, Plaintiffs respectfully request that this Court certify its order in
23 response to this Motion pursuant to Rule 54(b) because Plaintiffs face an imminent non-
24 judicial foreclosure and time is of the essence."  Doc. 98 at 15.  Rule 54(b) allows this Court

25

---

26 [1] This deadline presumes Defendants would respond based on how Plaintiffs titled
27 their motion.  If Defendants perceived this to be a third motion for reconsideration, as the
   Court did, Defendants could not respond until ordered to do so by the Court, which would
28 be even longer than October 26.  LR Civ. 7.2(g)(2).

- 4 -

to enter judgment on an issue even when final resolution of that issue does not resolve the entire case. More specifically: Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim—or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Supreme Court instructs:

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."
>
> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

*Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980) (citations omitted).

Importantly, for Rule 54(b) there must be a "judgment" not an "order" as Plaintiffs suggest. Further, Plaintiffs have not shown that Rule 54(b) certification is necessary. Specifically, the Court has denied Plaintiffs' request for a Preliminary Injunction (Doc. 80). Because that was an immediately appealable order, Plaintiffs' claim that they need Rule 54(b) certification to seek an injunction before the Court of Appeals is unpersuasive.

**Conclusion**

**IT IS ORDERED** that Plaintiffs' motion for expedited consideration (Doc. 100) is granted.

- 5 -

**IT IS FURTHER ORDERED** that Plaintiffs' motion to alter or amend orders (Doc. 98) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a third amended complaint (Doc. 98) is denied.

**IT IS FINALLY ORDERED** that Plaintiffs' motion for Rule 54(b) certification (Doc. 98) is denied.

DATED this 17th day of October, 2012.

James A. Teilborg
United States District Judge