**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady; Jennifer Grady, | No. CV 11-2060-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bank of Elmwood; Elmwood Financial Corporation; Jonathan Levin; Sarah Levin, | |
| Defendants. | |
| Tri City National Bank, | |
| Counterclaimant, | |
| vs. | |
| Michael Grady and Jennifer Grady, | |
| Counterdefendant. | |
| The Federal Deposit Insurance Corporation as Receiver for Bank of Elmwood, | |
| Intervenor. | |

Pending before the Court is Jess and Jane Doe Levin, Michael D. and Jane Doe Benben, Jr., David C. and Jane Doe Easley, S. John and Jane Doe May, and William H. Pugh and Jane Doe Pugh, III's motion to dismiss for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

Everyone agrees that service of the amended complaint was due by September 21,

2012. Everyone agrees that counsel for these Defendants agreed to waive service on their behalf 102 days before this deadline expired. Everyone further agrees that Plaintiffs had the identity of all of these Defendants 93 days before this deadline.[1] Everyone finally agrees that Plaintiffs failed to serve any of these Defendants within 120 days as is required by Rule 4(m). After these Defendants moved to dismiss, Plaintiff filed a motion for extension of time to serve claiming that the failure to send the waivers to defense counsel was "a simple oversight."

## I.  Legal Standard

> There are "two avenues for relief[ ]" under Rule 4(m). *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir.2009). "The first is mandatory[.]" *Id.* (citation and footnote omitted). Based upon the plain language of that Rule, "the district court must extend time for service upon a showing of good cause." *Id.* (citation and footnote omitted). "The second is discretionary [.]" *Id.* (citation omitted). Notwithstanding Rule 4(m), "if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* (citation omitted).
>
> Engaging in the "two-step analysis" which the Ninth Circuit "requires[,]" the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id.* (citation omitted).

*Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011).

### A.  Good Cause

To establish good cause, Plaintiffs must show: 1) excusable neglect; 2) the party to be served received actual notice of the suit; 3) the party to be served would suffer no prejudice; and 4) Plaintiffs would suffer sever prejudice if the complaint were dismissed. *Id*. (citing *Lemoge*, 587 F.3d at 1198).

In this case, Plaintiffs make no argument that they can show good cause. *See* Doc. 101 at 4 (arguing only excusable neglect). Accordingly, the Court finds that they have failed to meet this test.

---

[1] Plaintiffs make an argument that the first 27 days of their 120 days was spent attempting to learn the names of the spouses named in the amended complaint as Does. However, all parties agree that Defendants' counsel provided these names by June 21, 2012.

- 2 -

### B. Excusable Neglect

In the absence of good cause, the court must proceed to the second step of the analysis, and decide whether, in its discretion, to extend the prescribed time for service of the FAC. The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D.Hawai'i Aug.18, 2011) (quoting *In re Sheehan*, 253 F.3d at 513 (citation omitted)).

*Id.* at *5.

However, that broad discretion is not limitless. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test... ." *Trueman*, 2011 WL 6721327 at *5.

That four factor equitable test requires, at a minimum, examination of: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citations omitted). Those four enumerated factors are "not an exclusive list[,]" however. *Lemoge*, 587 F.3d at 1195 (internal quotation marks and citation omitted). "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir.2010) (internal quotation marks and citation omitted).

*Id.* at *6.

In giving further general guidance on how this Court should assess excusable neglect, the Court of Appeals has stated,

Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence and includes omissions caused by carelessness. The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

*Lemoge*, 587 F.3d at 1192 (internal quotations and citations omitted).

### 1. Prejudice to Opposing Party

The non-served Defendants claim they will be prejudiced if the Court allows late service. Specifically, they claim that Plaintiffs' threat of this lawsuit against them for three years, and their inability to resolve it due to Plaintiffs' lack of diligence in prosecuting the case, has damaged their professional reputations.

"Prejudice to defendants 'requires greater harm than simply that relief would delay the resolution of the case.'" *Trueman*, 2011 WL 6721327, *4 (quoting *Lemoge*, 587 F.3d at 1196). Here, the only prejudice articulated by the Defendants is delay, and how that delay impacts them. Under *Lemoge*, delay alone is inadequate to be prejudice. However, given these Defendants' unique professional status where, as bank officers and directors, they must continue to report this outstanding litigation in their professional capacities, the delay against them is more acute than all litigants general desire for cases to be resolved. Thus, the Court finds this factor weighs against extending time to serve.

### 2. Length of Delay and its Impact on the Proceedings

The length of delay from when Plaintiffs could have undisputedly sent waivers of service to the non-served Defendants' counsel, June 21, 2012, to today is over five months. This is significant in this case which has been pending over three years (including the time in state court). Due to the age of this case, discovery closes January 31, 2013 and dispositive motions are due February 21, 2013. Had Plaintiffs promptly served Defendants in June, they likely could have completed discovery within the Court's deadlines. Now, Plaintiffs seek an additional 60 days to serve, which would mean these Defendants would not be served by this Court's discovery deadline, necessitating that the Court, and the other Defendants reopen discovery due to Plaintiffs' delay.[2] Thus, this factor weighs against extending time to serve.

### 3. Reason for Delay

The only reason Plaintiffs give for their delay is "oversight." Defendants argue this is the equivalent of giving no reason at all.

If this Court were in a position of evaluating this factor without guidance from the Court of Appeals, the Court might be inclined to agree with Defendants that "excusable"

---

[2] Separately pending is Plaintiffs' motion to extend deadlines because Plaintiffs failed to timely disclose certain experts. Thus, Plaintiffs might argue that these deadlines may be extended regardless, so there is no delay. However, the Court finds that, even if the Court ultimately extends these deadlines, Plaintiffs failure to meet certain deadlines should not work to Plaintiffs' benefit in Plaintiffs' failure to meet other deadlines.

- 4 -

neglect should require an "excuse." However, the Court of Appeals has instructed that excusable neglect encompasses "negligence" and "carelessness." *Lemoge*, 587 F.3d at 1192. Plaintiffs' reason for not serving is both negligent and careless. Thus, this factor weighs in favor of allowing the extension.

### 4. Movants' Good Faith

Defendants argue that Plaintiffs' entire use of the judicial system to avoid the Trustee's Sale of their house had been in bad faith. Doc. 105 at 4. Such an argument, even if true, does not speak to whether Plaintiffs acted in bad faith in their failure to timely serve the newly named Defendants. Plaintiffs state that their oversight in failing to serve was in good faith. The Court finds this fact weighs in favor of extending time to serve.

### 5. Prejudice to Movants

Plaintiffs argue they will be prejudiced if the Court does not extend time for service. Specifically, Plaintiffs' argue:

> There are several counts in the Amended Complaint alleged against the individual defendants for negligence, negligence per se, fraud, consumer fraud, and similar such violations. The statute of limitations for those torts range from one (1) year to three (3) years. As the Complaint set[s] forth in detail, the operative facts on which those claims are based primarily occurred in 2008 — over four years ago.

Doc. 101 at 5.

The problem with Plaintiffs' argument is that when Plaintiffs' filed the amended complaint on May 24, 2012, the statute of limitations had already run. Indeed, the Court denied leave to amend to add a slander claim because the statute of limitations had run; and as a result, such amendment would have been futile. Doc. 47 at 8. Thus, while Plaintiffs are correct that, legally, the running of a statute of limitations would weigh in their favor for extending time to serve,[3] in this case, based on Plaintiffs' own argument, the statute of limitations will have run either way. Thus, this factor weighs against extending the time to serve.

---

[3] *See, e.g., Efaw*, 473 F.3d at 1041.

- 5 -

## II.     Conclusion

Having weighed the non-exhaustive factors articulated by the Court of Appeals, the Court finds that two factors favor extending time to serve and two factors favor not extending time to serve. Further, the optional factor weighs against extending the time to serve. In addition to these factors, the Court will consider all of the circumstances surrounding this equitable decision. *See Lemoge*, 587 F.3d at 1192.

Due to the age of this case, and the fact that the circumstances giving rise to this case have been known to Plaintiffs since 2008, the Court will not extend time to serve. The need of the Court, the Defendants and the public to resolve this litigation (which was commenced in state court on July 10, 2009) weighs heavily in favor of not extending discovery with newly added Defendants. Further, due to the statute of limitations issues raised by Plaintiffs, even if the Court were to extend time, service would be futile.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' motion to extend time to serve (Doc. 101) is denied.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 94) of Jess and Jane Doe Levin, Michael D. and Jane Doe Benben, Jr., David C. and Jane Doe Easley, S. John and Jane Doe May, and William H. Pugh and Jane Doe Pugh, III for failure to serve is granted; the Clerk of the Court shall terminate these Defendants.

DATED this 13th day of December, 2012.

James A. Teilborg
United States District Judge