**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady; Jennifer Grady, | No. CV 11-2060-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bank of Elmwood; Elmwood Financial Corporation; Jonathan Levin; Sarah Levin, | |
| Defendants. | |
| Tri City National Bank, | |
| Counterclaimant, | |
| vs. | |
| Michael Grady and Jennifer Grady, | |
| Counterdefendant. | |
| The Federal Deposit Insurance Corporation as Receiver for Bank of Elmwood, | |
| Intervenor. | |

Pending before the Court are Plaintiffs' motion to extend deadlines and the Levin Defendants' motion to strike Plaintiffs' damages calculation. This is not the first time this issue has been before the Court. Specifically, on September 11, 2012, the Court issued the following Order:

Pending before the Court is Jonathan and Sarah Levin's motion to preclude

Plaintiffs' experts for not having been timely disclosed. Alternatively, the Levins seeks an extension of the expert disclosure deadlines.

**IT IS ORDERED** that the Levins' motion for expedited consideration (Doc. 88) is granted.

**IT IS FURTHER ORDERED** that the motion to preclude (Doc. 87) is denied, without prejudice, as premature. Specifically, it does not appear that Plaintiffs have attempted to rely on any expert. If at any point in the future Plaintiffs attempt to so rely, Defendants may move to strike the expert's opinion (if it supports or opposes a motion), or move in limine to preclude the expert(s) at trial.

Doc. 89.

Then, on October 1, 2012, the Court issued the following Order:

On September 11, 2012, this Court denied the Levin Defendants' motion to preclude Plaintiffs' experts as premature. Specifically, the Court held that there was nothing pending before the Court (like a response to a motion for summary judgment) in which Plaintiffs rely on an expert. Thus, it is unclear to the Court whether in the context of a dispositive motion or at trial Plaintiffs will attempt to rely on an expert. Accordingly, the Court concluded that any ruling on this issue at this time amounts to an advisory opinion.

Unsatisfied with this conclusion, the Levin Defendants move for reconsideration. Specifically, the Levin Defendants argue that the Court must preclude any future, hypothetical use of the experts now, otherwise the Levins will be forced to incur the expense of retaining their own experts. While the Court is sympathetic to the Levins' desire to minimize costs, that will not justify the Court issuing advisory opinions.

Accordingly, **IT IS ORDERED** that the motion for clarification (Doc. 90) is denied.

Doc. 92.

The Levin Defendants', apparently still dissatisfied with the two above quoted orders, have now tried a different strategy: to have this Court strike Plaintiffs' damages calculation. The Levin Defendants do not elaborate on what exactly this Court would be striking. For example, Plaintiffs in their response indicate that they made some damages disclosures in their initial disclosures. The Levin Defendants have no specifics on whether this is true, and whether this is what they seek to strike.

Instead, in reading the Levin Defendants' Reply, it seems that the Levin Defendants are attempting to obtain an order that Plaintiffs may not disclose a damages calculation at this time because any such disclosure would be late. From Plaintiffs' response, it seems Plaintiffs

- 2 -

agree that the expert deadline has expired and that Plaintiffs did not disclose an expert on damages within this deadline. Neither party discusses whether an expert would be required for any damages calculation.

First, the Court will deny the Levin Defendants' motion for being too vague to obtain relief. If a party seeks to strike something, such party must identify in detail on an item by item basis what exactly the party is seeking to strike, and the Levin Defendants have not given this Court any detail in their motion.

Second, the Court suspects the Levin Defendants did not move with any specificity because they are again seeking an advisory opinion. In other words, they do not have any instance of Plaintiffs attempting to rely on a particular measure of damages, but instead seek to have this Court strike, hypothetically and in the future, any damages Plaintiffs might have. Again, without Plaintiffs attempting to rely on a measure of damages, and without the Court being presented with concrete evidence of when any disclosure and calculation of such damages were made, the Court cannot issue a ruling finding that each particular disclosure was untimely; and, thus, that each particular element of damages is stricken. Therefore, the motion (which is in fact a second motion for reconsideration) will be denied.

As indicated above, also pending is Plaintiffs' motion to extend deadlines, particularly the expert deadlines. Plaintiffs never mention when the expert deadlines expired. The Levin Defendants reply and argue that the "disclosure" deadlines have expired (Doc. 118 at 4-5), but never specify whether they object to an extension of the expert deadlines. However, the Levin Defendants do object to an extension of the "disclosure" deadlines.[1] Based on the Court's own review of the record, the Court has determined the current discovery deadline is January 31, 2013 and the current dispositive motion deadline is February 21, 2013.

---

[1] The Levin Defendants state, "Plaintiffs' Response and Motion is nothing more than a motion to extend time to disclose damages. This motion, however, was made after the time to disclose expired." Doc. 118 at 5. The Levin Defendants mention that initial disclosures were due January 25, 2012 (Doc. 118 at 2). Thus, this may be the "disclosure" deadline the Levin Defendants object to extending.

- 3 -

Further, based on the amended scheduling Order at Doc. 58, it appears that initial expert disclosures were due August 31, 2012, responsive experts were due October 1, 2012 and rebuttal experts were due November 15, 2012. Plaintiffs' motion to extend deadlines was filed November 19, 2012 — after all of these deadlines expired.

To extend an expired deadline set by the Court under its Rule 16 case management order, the moving party must meet Rule 16's good cause standard.[2] To meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). The Ninth Circuit has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

Here, Plaintiffs argue that they could not meet the expert disclosure deadlines because they were litigating their multiple requests to amend and attempting to avoid the Trustee sale of the house; thus, they could not accurately measure their damages until the Court ruled that

---

[2] The Levin Defendants argue that Plaintiffs must meet an excusable neglect standard under Rule 6 of the Federal Rule of Civil Procedure. Generally, courts apply the Rule 6 test to deadlines set by the Rules, not deadlines set by the Court as part of its Rule 16 case management obligations.

- 4 -

they could not bring their TILA claims and the Trustee sale went forward.

Certainly, the more prudent course would have been for Plaintiffs to move to extend these deadlines before they expired and explain at that time that the damages calculations would be influenced by the pending issues. However, the Court cannot say that Plaintiffs were not diligently pursuing these issues, nor can the Court conclude that Plaintiffs are not being genuine in explaining why their damages expert was not timely disclosed. Accordingly, the Court will grant Plaintiffs the extension they seek in their motion as specified below.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' motion to extend time to file a response (Doc. 113) is granted to the extent that the Court has considered Plaintiffs' response filed at Doc. 115.

**IT IS FURTHER ORDERED** that the Levin Defendants' motion to preclude damages calculation (Doc. 106) is denied.

**IT IS FURTHER ORDERED** Plaintiffs' motion to extend (Doc. 115) is granted such that the deadlines are extended as follows (any deadlines not specifically referenced in this Order are not extended):

The party with the burden of proof shall disclose experts by December 31, 2012;

The responding party shall disclose experts by January 31, 2013;

Rebuttal experts disclosures are due by February 15, 2013.

Discovery closes March 15, 2013; and

Dispositive motions are due by April 19, 2013.

DATED this 20th day of December, 2012.

James A. Teilborg
United States District Judge