**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady; Jennifer Grady, | No. CV 11-2060-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bank of Elmwood; Elmwood Financial Corporation; Jonathan Levin; Sarah Levin, | |
| Defendants. | |
| Tri City National Bank, | |
| Counterclaimant, | |
| vs. | |
| Michael Grady and Jennifer Grady, | |
| Counterdefendant. | |
| The Federal Deposit Insurance Corporation as Receiver for Bank of Elmwood, | |
| Intervenor. | |

Pending before the Court is Tri City National Bank's (TCNB) motion to strike Plaintiffs' answer to TCNB's counterclaim. TCNB filed its answer and counterclaim on April 28, 2010 (as will be discussed more fully below, because TCNB was not a named Defendant in the First Amended Complaint, it is not clear to the Court why TCNB answered). Thereafter, Plaintiffs moved to amend their complaint. The Court denied

Plaintiff's motion to amend.[1]

After the Court denied all of Plaintiffs' requests to amend, TCNB sought to be dismissed as a Defendant in this case arguing that there were no claims against it because leave to amend was denied. The Court agreed with TCNB. Doc. 122. Specifically, the Court's Order stated:

> Pending before the Court is a motion to strike two claims from Plaintiffs' Second Amended Complaint. Defendant Tri City National Bank (TCNB) argues that all claims against it should be dismissed because the Court, on futility grounds, denied Plaintiffs' motion to amend to add additional claims against TCNB (the Court allowed amendment as to other claims). Thus, TCNB argues that the Second Amended Complaint, which includes claims against it, runs afoul of the Court's order.
>
> Plaintiffs respond and argue that the First Amended Complaint had claims against TCNB. Plaintiffs argue that the Second Amended Complaint reasserts those claims from the First Amended Complaint, but does not add new claims that the Court did not allow when the Court denied leave to amend. Plaintiffs go on to argue that the Court denying leave to amend to add new claims against TCNB did not operate to dismiss the claims against TCNB that were listed in the First Amended Complaint.
>
> TCNB replies and argues that the claims in the First Amended Complaint which Plaintiffs argue survived the motion to amend were claims against Bank of Elmwood. TCNB acknowledges that it acquired some of the Bank of Elmwood's assets from the Federal Deposit Insurance Company (FDIC) after the FDIC took the Bank of Elmwood into receivership, but TCNB denies that it and Bank of Elmwood are one and the same for pleading and liability purposes.[2] Further, TCNB notes that the FDIC, not TCNB, moved to be substituted for the Bank of Elmwood.
>
> The Court finds that Bank of Elmwood and TCNB are not one and the same. Thus, any claims against Bank of Elmwood in the First Amended Complaint do not continue to the Second Amended Complaint as claims against TCNB.
>
> Accordingly, **IT IS ORDERED** that the claims against TCNB listed in the Second Amended Complaint are dismissed, and TCNB is dismissed as a Defendant. Thus, the motion to strike (Doc. 57) is granted as to TCNB only.

Doc. 122 at 1-2.

The July 14, 2009 First Amended Complaint was the complaint on which the Court

---

[1] The history of Plaintiffs' various motions to amend is recounted in Doc. 102 at 1-4.

[2] [Footnote from Doc. 122] The Court has reviewed the First Amended Complaint (Doc. 1-2 at 1) and notes that TCNB is not named as a Defendant.

1    relied to reach the conclusion in the Order at Doc. 122.  The Court has located TCNB's
2    "answer" in which it calls itself an "intervenor/counterclaimant."  Doc. 1-3 at 1-32.  This
3    filing, which was filed over nine months after the First Amended Complaint, responds to the
4    First Amended Complaint.  The Court has not located any evidence from the state court
5    record that TCNB was granted leave to intervene.  The Court further cannot determine
6    whether the "answer" was timely.

7        TCNB, as evidenced by the Order at Doc. 122, has convinced the Court that it was
8    not, and is not, a Defendant in this case.  The Court is now concerned by this conclusion
9    given that TCNB "answered" the First Amended Complaint as if it was a Defendant, and
10   continues to assert "counterclaims" as a "counterclaimant" even though it has convinced the
11   Court it was never a Defendant to the First Amended Complaint.

12       If TCNB was in fact a Defendant to the First Amended Complaint, then Plaintiffs
13   were correct that this Court denying leave to amend to add "new" claims against TCNB did
14   not operate as a dismissal of the existing claims against TCNB.  *See* Doc. 122 (summary of
15   arguments).  However, if this Court is correct that TCNB was never a Defendant,
16   procedurally the Court is at a loss as to how TCNB can now be a counterclaimant against
17   Plaintiffs.

18       Against this backdrop, the Court must now decide whether Plaintiffs' answer to the
19   counterclaims is untimely.  As discussed above, TCNB filed the counterclaims on April 28,
20   2010.  Plaintiffs answered the counterclaims on March 20, 2013, and amended that answer
21   on March 21, 2013.  TCNB moved to strike the answer arguing it is 511 days late.  Doc. 152
22   at 2.

23       TCNB has indicated that if this Court grants the motion to strike it will decide whether
24   to move for default judgment or voluntarily dismiss its claims.  Doc. 148 at 10 (stating that
25   once Court grants motion to strike, "TCNB can choose between proceeding to obtain a
26   default judgment or even dismissing the Counterclaim under Rule 41....").  Given the
27   procedural posture of this case, the Court can not allow TCNB to proceed to default without
28   significant further briefing.  Accordingly, the Court will allow Plaintiffs' their untimely

1 answer.

2   Based on the foregoing,

3   **IT IS ORDERED** that the motion to strike (Doc. 144) is denied.

4   **IT IS FURTHER ORDERED** that each party shall file a supplemental brief by 10:00 a.m. Wednesday, April 3, 2013, discussing:

1) whether a non-party can file a counterclaim;

2) whether, assuming TCNB's April 28, 2010 counterclaims were viable, TCNB's failure to answer and assert counterclaims to the second amended complaint (Doc. 56) waived those counterclaims;[3]

3) and, assuming TCNB's April 28, 2010 counterclaims were viable, and that TCNB's failure to answer the Second Amended Complaint and reassert the counterclaims did not constitute a waiver of the counterclaims, did the Court striking the claims against TCNB's in the Second Amended Complaint in the order of December 14, 2012 (Doc. 122), by finding TCNB was not a party to this case, extinguish TCNB's right to assert a counterclaim.

DATED this 2nd day of April, 2013.

*[signature]*
James A. Teilborg
Senior United States District Judge

---

[3] *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 358-60 (D. Ariz. 2009) (discussing whether a response to an amended complaint must reassert counterclaims); *Johnson v. Berry*, 228 F.Supp.2d. 1071, 1079 (E.D. Mo. 2002) (holding that defendant abandoned counterclaim when it failed to replead in response to an amended complaint).

- 4 -