**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grady; Jennifer Grady, | No. CV 11-2060-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bank of Elmwood; Elmwood Financial Corporation; Jonathan Levin; Sarah Levin, | |
| Defendants. | |
| Tri City National Bank, | |
| Counterclaimant, | |
| vs. | |
| Michael Grady and Jennifer Grady, | |
| Counterdefendant. | |
| The Federal Deposit Insurance Corporation as Receiver for Bank of Elmwood, | |
| Intervenor. | |

**I.  Background**

This case arises from Plaintiffs attempt to avoid a foreclosure on their residence. The residence was sold via a Trustee sale on October 25, 2012. *Grady v. Tri City National Bank*, CV 11-2507-PHX-JAT (D. Ariz. May 13, 2013). Doc. 25 at 2. Tri City National Bank purchased the residence at the Trustee Sale. Plaintiffs are still in possession of the residence.

1  Tri City National Bank is taking action in state court to evict Plaintiffs from the residence.

2      On April 4, 2012, this Court denied Plaintiffs leave to amend their complaint to add
3  a TILA rescission claim against Tri City National Bank. Doc. 47.  In that Order, the Court
4  denied leave to amend on futility grounds. *Id*.  Plaintiffs moved to reconsider. Doc. 50. The
5  Court denied reconsideration.  Doc. 54.  Plaintiffs again moved to reconsider. Doc. 70.  The
6  Court denied reconsideration.  Doc. 80.  Plaintiffs again moved to reconsider. Doc. 98.  The
7  Court again denied reconsideration. Doc. 102.

8      As a result of the denial of leave to amend, Tri City National Bank was dismissed as
9  a party to this case. Doc. 122.  No judgment was entered pursuant to Federal Rule of Civil
10 Procedural 54(b).  Further, the Court denied Plaintiffs' request for Rule 54(b) "certification."
11 Doc. 102 at 5.

12     On June 18, 2014, Plaintiffs filed a notice that they had settled all remaining claims
13 with all remaining parties. Doc. 196.  As a result, the Court dismissed this entire case on July
14 1, 2014. Doc. 200.  This settlement did not include Tri City National Bank because it was not
15 a "party" at the time of settlement.

16     Plaintiffs assert that on October 16, 2014, the state court judge issued an order for the
17 issuance of a "writ of restitution" which would give Tri City National Bank "possession" of
18 the property. Doc. 214 at 5, 13.  On October 20, 2014, Plaintiffs moved this Court for an
19 injunction pending appeal. Doc. 214.  In their proposed order they seek to have this Court
20 order that: "Appellee Tri City National Bank, NA shall not enforce a writ of restitution that
21 has issued or will be issued by the Maricopa County Superior Court at case number CV 12-
22 016990 and shall not evict Appellants from or otherwise gain possession of real property
23 located at 5624 East Sanna Street, Paradise Valley, Arizona 85253." Doc. 215 at 2.

24     As the above discussion indicates, the injunction sought in this case under Federal
25 Rule of Appellate Procedure 8 is against Tri City National Bank.  As further discussed above,
26 because the Court denied leave to amend the complaint to add a claim against Tri City
27 National Bank, Tri City National Bank is not a party to this case. Doc. 122.

28

## II.    Status of Tri City National Bank

Notwithstanding the denial of leave to amend to add Tri City National Bank as a Defendant, Tri City National Bank's status is not perfectly clear. Specifically, on August 5, 2010, Tri City National Bank (as the holder of the note on Plaintiffs' residence following the original holder going through FDIC receivership and the FDIC transferring this note to Tri City National Bank) moved to intervene in this case in state court prior to removal. Doc. 214 at 3. The State court granted that motion and also allowed the FDIC to intervene *Id.* The FDIC then removed this case to federal court.

After Tri City National Bank intervened in this case, Plaintiffs sent their TILA rescission letter that gave rise to the cause of action that Plaintiffs attempted to amend their complaint to add against Tri City Nation Bank. *Id.* Tri City National Bank opposed the motion to amend on futility grounds; and, as stated above, this Court denied the motion.

Nonetheless, the record reflected that Tri City National Bank still had a "counterclaim" pending; and Plaintiffs' moved for a temporary retraining order and preliminary injunction based on their affirmative defenses to the counterclaim. Doc. 142. This Court ordered briefing on whether an intervenor who was never added as a defendant could have a counterclaim. Tri City National Bank conceded it could not. Doc. 197 at 12-14. Accordingly, the counterclaim was deemed not to be pending, and the Court denied Plaintiffs' request for injunctive relief based on affirmative defenses to the counterclaim. *Id.* at 16-18 (explaining Tri City National Bank's status).[1]

---

[1] Specifically, this Court stated on the record:

> Well, as I said, I carefully considered the papers, and while I understand that you and your clients feel frustrated at this juncture, obviously I don't need to lecture any lawyer about the notion that this Court cannot simply provide a forum to unravel things or a forum to do things which are otherwise precluded procedurally or substantively, and as I said at the outset, there are not just serious but there are pivotal procedural issues here.
>
> As this case stands, TCNB was granted intervenor status by the state

- 3 -

1     The Court has been unsuccessful in locating any cases discussing whether a "party" who successfully moves to intervene as a Defendant, but then successfully opposes a motion to amend to add said "party" as a Defendant, is subject to an injunction under Federal Rule of Appellate Procedure 8(a) during the pendency of the appeal challenging the denial of leave to amend.

    In its response at Doc. 221, Tri City National Bank argues that for purposes of an injunction, it is not a "party" over which this Court has jurisdiction. Citing *Scott v. Donald*, 165 U.S. 107, 117 (1897), Tri City National Bank notes that this Court generally cannot enjoin persons or entities who are not parties to the suit. At this point, Tri City National

---

> court on May 14, 2010, according to my research. The state court did not define the scope of that status other than to say TCNB was not substituted in place of the Bank of Elmwood, and upon this Court's review of the record the only logical conclusion seems to be that TCNB was granted intervenor status as an intervenor defendant to plaintiff's first amended complaint.
>
> That status was granted by the state court because TCNB had an interest in the property that could be affected by plaintiff's lawsuit but not because any affirmative claims had been asserted against TCNB by plaintiffs.
>
> Given, then, TCNB's status as an intervenor defendant when this Court dismissed TCNB as a defendant to the second amended complaint, and that's reflected in Docket 122, TCNB's intervenor defendant status also ended.
>
> Thus, either as a result of TCNB's failure to answer the second amended complaint and reassert its counterclaims or as a result of TCNB's dismissal or both, TCNB's counterclaims were dismissed from this action.
>
> Therefore, plaintiff's answer to the counterclaims is a nullity because no counterclaims are pending, and plaintiff's pending request for preliminary injunction is premised solely on plaintiff's affirmative defenses to the counterclaims. Because the answer and affirmative defenses are a nullity, plaintiff's motion for preliminary injunction, which is Docket 142, premised on those affirmative defenses, is denied.

Doc. 197 at 16-17.

- 4 -

Bank is not a party to this suit.[2] This Court agrees with Tri City National Bank that because Tri City National Bank is not a party, it is not subject to this Court's injunctive powers. Accordingly, Plaintiffs' motion for injunction pending appeal is denied for this reason. However, because of Tri City National Bank's previous "intervenor" status, the Court will alternatively consider the merits of Plaintiffs' motion.

### III.     Injunction Pending Appeal

####      A.     Legal Standard

As discussed above, Plaintiffs seek an injunction to prevent Tri City National Bank from pursuing a writ of restitution to gain possession of Plaintiffs' residence. Plaintiffs (without citation) argue the test for granting an injunction pending appeal is: 1) Plaintiffs have a strong probability of success on the merits; 2) Plaintiffs with suffer irreparable injury if an injunction is not granted; 3) the balance of hardships tips sharply in Plaintiff's favor; and 4) public policy favors an injunction. Doc. 214 at 5-15. Tri City National Bank argues that the test for granting a stay pending appeal is: 1) whether the applicant has made a strong showing of likelihood of success on the merits; 2) whether applicant will be irreparably harmed without a stay; 3) whether the stay will substantially injure other parties interested in the proceeding; and 4) the public interest. Doc. 220 at 9. Because Plaintiffs cite nothing, the Court will not rely on Plaintiffs' test. Because Tri City National Bank cites the test for a stay, but Plaintiffs seek an injunction, the Court will not use Tri City National Bank's test.

In *Digital Comm. Network, Inc. v. AB Cellular Holdings LLC*, 1999 WL 1044234, *3 (C.D. CA 1999) the Court discussed the test for an injunction pending appeal under Federal Rule of Appellate Procedure 8. Specifically the Court stated:

> In *Warm Springs Dam Task Force v. Gribble*, 566 F.2d 549 (9th Cir.1977), the Ninth Circuit stated the factors to be considered in considering an application for an injunction pending appeal as follows: (1) have the movants established a strong likelihood of success on the merits?, (2) does the balance of irreparable harm favor the movants?, (3) does the public interest favor granting the injunction? 566 F.2d at 551.

---

[2] In CV 12-2507-PHX-JAT, Plaintiffs voluntarily dismissed a case they brought directly against Tri City National Bank.

- 5 -

*Id.* Notably, the Court in *Digital Comm. Network* rejected the sliding scale test advanced by Plaintiffs in this case and adopted much of the test advanced by Defendant because the test for a stay is "largely co-extensive" with the test for an injunction. *Id*. at 3-4.

**B.   Argument**

**1.   Strong Likelihood of Success on the Merits**

Plaintiffs argue that an injunction is appropriate because this Court's order denying Plaintiffs leave to amend is likely wrong following the Ninth Circuit Court of Appeals decision in *Merritt v. Countrywide*, 759 F.3d 1023 (9th Cir. 2014). As a preliminary matter, the Court notes that *Merritt* was decided in July 2014. Therefore, the Court is not certain this motion (filed in October 2014) is timely in light of when this alleged "change in the law" arose.

Nonetheless, Plaintiffs allege that in *Merritt*, the Court of Appeals determined that a plaintiff did not have to allege tender to survive a 12(b)(6) motion to dismiss a TILA rescission claim. Plaintiffs therefore conclude that this Court erred in denying them leave to amend to add a TILA rescission claim on the basis that they did not allege tender.

In the Order of August 6, 2012, this Court discussed the tender requirement of a TILA rescission claim at length. Doc 80 at 8-12. Ultimately, this Court determined that because Plaintiffs could not allege tender, they could not state a claim. *Id*. However, Plaintiffs are correct that in *Merritt*, the Court of Appeals held that Plaintiffs are not required to allege tender to state a TILA rescission claim. 759 F.3d at 1031. Nonetheless, *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171-73 (9th Cir. 2003), remains good law that, after discovery, to prevail on a TILA rescission claim, the borrower must be able to repay the loan. Specifically, the Court stated,

> [I]t cannot be that the security interest vanishes immediately upon the giving of notice [of rescission]. Otherwise, a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any. Rather, . . . the security interested 'becomes void' only when the consumer 'rescinds' the transaction. In a contested case, this happens when the right to rescind is determined in the borrower's favor.

*Id*. at 1172.

- 6 -

In this contested case, Plaintiffs have never claimed a current ability to repay the loan. This allegation is not present even in this latest application for an injunction. Thus, even though post-*Merritt* a TILA rescission claim does not require an allegation of tender to state a claim, to prevail on the merits of a TILA rescission claim, Plaintiffs must show the ability to tender. Therefore, even if this Court erred in not allowing leave to amend under the law articulated in *Merritt*, Plaintiff still are not likely to succeed on the merits of this case because they have not shown they will ultimately prevail under *Yamamoto*.

Plaintiffs only argument regarding tender in the currently pending motion for an injunction is as follows:

> Plaintiffs again sought leave, pursuant to Federal Rules of Civil Procedure 54(b) and 15(a)(2), to file a Proposed Third Amended Complaint, also seeking to enjoin TCNB and to enforce the rescission, more adequately describing the rescission default and tender sequence, and even pleading tender though [*sic*] offsets (see *Merritt* at Page 15; *see also Pierro v. Spiegel Development*, No. 10-55968 (9th Cir. 2011) [footnote omitted].

Doc. 214 at 4. Plaintiffs offer no citation to where in this Court's record this argument can be found. Further, Plaintiffs offer no substantive argument in the currently pending motion on their theory of "tender through offsets." Nonetheless, this Court has reviewed the entire record and located Plaintiffs' proposed Third Amended Complaint at Doc. 71-1. Plaintiffs' proposed TILA claim is at pages 37-40 and does not mention tender. However, in Plaintiffs' request for declaratory judgment at pages 42-43, Plaintiffs make various ambiguous statements regarding tender.[3]

Plaintiffs never say in their moving papers they can or will tender. Further Plaintiffs never say what offset they allege applies nor offer any dollar amount of this unspecified offset. All Plaintiffs argued on summary judgment regarding tender was "Plaintiffs have always acknowledged the obligation to return the loan proceeds, with reservations,

---

[3] Notably, some of Plaintiffs citations for these facts in their proposed Third Amended Complaint are their previously filed **summary judgment motion**; the very stage of the case under which *Yamamoto* held it was appropriate to consider an ability to tender. Even at summary judgment, Plaintiff could not show an ability to tender.

- 7 -

1 specifically plaintiffs right of set off and recoupment which are afforded to plaintiffs pursuant
2 to the Federal Truth-In-Lending Act." Doc. 71-1 at 42. Even taking this statement from a
3 summary judgment motion and recasting it as an allegation that must be taken as true in a
4 complaint, Plaintiffs never allege an ability to tender nor that the "right of set off" will equal
5 the loan obligation.

6 At oral argument, Plaintiffs offered further theories of how they may be able to meet
7 the tender requirement. First, they argue that lost business opportunities from the original
8 loan not funding as they had intended caused them significant monetary damages. Plaintiffs
9 further argue that those damages, once recovered, could be used to offset the amount they
10 owe on the note as part or all of their tender. However, as this Court has held repeatedly, any
11 such claims against Bank of Elmwood, as of today, are extinguished. Specifically, any
12 claims against Bank of Elmwood are barred by FIRREA and did not pass through to Tri City
13 National Bank following the FDIC transferring the note. Doc. 80 at 4-8. Finally, Plaintiffs
14 have settled with all other Defendants. Doc. 200. Therefore, for purposes of considering a
15 likelihood of success on the merit for the injunction as of today, there is no outstanding
16 possibility of offset apparent to the Court from these claimed loss business damages.
17 Moreover, as the Court indicated at oral argument, the Court finds any such hypothetical
18 potential damages to be too speculative to show an ability to tender for purposes of Plaintiffs
19 being likely to ultimately succeed on the merits.

20 Second, at oral argument, Plaintiffs suggested that they could use the home itself as
21 the collateral to tender. Specifically, Plaintiffs argued that the home is currently valued at
22 $1,900,000.00 (which Defendants do not dispute). Plaintiffs further argued that if Tri City
23 National Bank would return title to the home to Plaintiffs and release all security interests
24 against the home, Plaintiffs could use the home as collateral to obtain the money to tender
25 the amount previously borrowed (1,700,000.00 (Doc. 29 at 2)) to Tri City National Bank.

26 First, the Court finds this argument to again be too speculative to rise to the level of
27 likelihood of success on the merits. Plaintiffs have offered no evidence other than the
28 argument of their counsel that they could qualify for a loan that is more than 89% of the

1  value of the property and/or that they have the income necessary to qualify for such a large
2  loan.

3  Second, as to the sequencing of rescission, while Plaintiffs are adamant that Tri City
4  National Bank must "perform first" by unwinding the loan and releasing any security interest
5  on the property, the Court finds nothing in *Merritt* that suggests that thereafter Plaintiffs can
6  perform at their leisure.  Thus, even if Tri City National Bank must perform first, the Court
7  finds nothing that says Plaintiffs duty to perform is not immediate; in other words, that
8  Plaintiffs would have 30 to 60 days after Tri City National Bank's performance to (assuming
9  they can) close a loan against the property.

10  Thus, based on the failure of Plaintiffs to allege any concrete information regarding
11  how they could ever meet the tender requirement recognized in *Yamamoto*, the Court finds
12  Plaintiffs are not likely to succeed on the merits.

13  **2.   Irreparable Harm**

14  Next, the balance of irreparable harms does not favor Plaintiffs.  Plaintiffs have lived
15  in a $1,900,000.00 home (Doc. 221) since December 2008 without making any rent or
16  mortgage payments (Doc. 29 at 10).  Further, this Court returned the bond posted in state
17  court to Plaintiffs.  Doc. 213.  Finally, Plaintiffs have not alleged any intention to pay the
18  note such that they would be allowed to ultimately retain the property under *Yamamoto*.
19  Therefore, the eviction appears to be only a matter of "when" not "whether" and given that
20  Plaintiffs have had the benefit of the home without payment since December 2008, no
21  equities favor them.

22  Additionally, Plaintiffs final tender argument cuts against their irreparable harm
23  argument.  Plaintiffs' argument that they will be irreparably harmed without an injunction
24  is that this piece of real property is unique and irreplaceable.  At oral argument, Plaintiffs
25  argued that they could succeed on the merits because, once the house is returned to them free
26  and clear, they could sell it and use the proceeds to tender. However, if Plaintiffs' intent is
27  to sell the property immediately to tender to Tri City National Bank, Plaintiffs are not
28  irreparably harmed if Tri City National Bank sells the property and pays itself because in

either scenario Plaintiffs would not retain this unique property.

### 3. Public Interest

Finally, the Court should consider the public interest. Having considered the parties' arguments, the Court does not find the public interest favors either party in this case.

### 4. Conclusion under *Gribble*

Based on the foregoing, the Court finds Plaintiffs have failed to meet the test for an injunction pending appeal on the merits. Accordingly, for this alternative reason, the motion is denied.[4]

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' motion for injunction pending appeal (Doc. 214) is denied.

DATED this 30th day of October, 2014.

James A. Teilborg
Senior United States District Judge

---

[4] Tri City National Bank, citing 15 U.S.C. § 1635(f) and *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899 (9th Cir. 2003), alternatively argued that any TILA right of rescission was extinguished when the property was sold. Because the Court has determined that Plaintiffs have not meet their burden of establishing that they are entitled to an injunction for the reasons discussed above, the Court has not considered this alternative argument.